# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|                                              |   |                          |
|----------------------------------------------|---|--------------------------|
| **COMMERCE BANK & TRUST COMPANY,**           ) |                          |
| Plaintiff,                                   ) |                          |
|                                              ) |                          |
| v.                                           ) | CIVIL ACTION             |
|                                              ) | No. 14-40037-TSH         |
|                                              ) |                          |
| **EDMOND E. GORDON,**                        ) |                          |
| Defendant.                                   ) |                          |

### ORDER ON PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF
### April , 9 2014

**HILLMAN, D.J.**

### Background

Commerce Bank & Trust Company ("Commerce Bank" or "Plaintiff") has filed a Complaint (Docket No. 1) against Edmond E. Gordon ("Gordon" or "Defendant") for breach of contract as the result of Defendant's failure to pay Commerce Bank for monies due under a promissory note. Commerce Bank seeks a preliminary injunction which would enjoin the Defendant from interfering with its rights to certain collateral pledged to Commerce Bank as security pursuant to an aircraft security agreement. The collateral includes a 2008 Diamond Aircraft Ind. Inc. DA 40, FAA Registration No. N218DC, Serial No. 40.965 ( "2008 Diamond Aircraft").

Commerce Bank notified Gordon that he was in payment default as of December 2013 and informed him that it was exercising its right to accelerate the debt and that it was seeking payment of the full outstanding amount owed under the promissory note. Commerce Bank

served a copy of the Complaint and Plaintiff's Motion For Preliminary Injunction (Docket No. 3) ("PI Motion") on Gordon via certified mail to his last known address, as specified in the loan documents. The return receipt was signed by a "Heather Leigh," as agent.

On April 1, 2014, the Court sent electronic notice to all parties who had appeared in the case that a hearing would be held on the PI Motion on April 9, 2014; counsel for Commerce Bank was instructed to serve notice of the hearing on Gordon, forthwith. At the PI Motion hearing, Counsel for Commerce Bank represented that notice of the hearing had been sent to Gordon to the address on file. Attempts have been made to determine that this is the correct address for Gordon. However, Commerce Bank has not had any personal contact with Gordon concerning his alleged default and/or the request. Gordon did not appear at the PI Motion hearing. Because there appears to be some question whether Gordon has received copies of the Complaint, PI Motion and notice of hearing, I am treating Commerce Bank's motion as a request for a temporary restraining order. Commerce Bank did not object to this procedure.[1]

## Facts

On September 23, 2008, Gordon executed a promissory note in favor of Commerce Bank in the principal amount of $313,195.50 ("Note"). The Note is payable in 240 equal monthly installments, with a final payment of all principal and secured inertest not yet paid due on or before September 23, 2028. As security for the Note, Gordon granted Commerce Bank a

---

[1] Pursuant to this Court's rules, a preliminary injunction may issue only on notice to the adverse party. Fed.R.Civ.P. 65(a)(1). A temporary restraining order may issue without notice only if specific facts in a verified complaint or in an affidavit filed with the court show that immediate and irreparable injury, loss or damage will result to movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required. Fed.R.Civ.P. 65(b).

security interest in the 2008 Diamond Aircraft. The parties executed a security agreement[2] and Commerce Bank perfected its security interest in the Collateral[3], as defined therein.

Gordon is in default of his obligations under the Note having failed to make required payments since December 2013. By letter dated December 30, 2013, Commerce Bank notified Gordon that he had defaulted under the Note and it was exercising its right to declare the full and outstanding balance and all accrued unpaid interest and fees immediately due and payable. The approximate outstanding balance owed on the Note is $278,556.74 , *plus* interest, late fees, *etc.*, which will continue to accrue.

The Security Agreement grants Commerce Bank the right to take possession of and sell the Collateral should an "Event of Default" occur. Failure to make payment when due under the Note is an "Event of Default."

## **Discussion**

In evaluating a motion for a temporary restraining order, the Court considers the same four factors that apply to a motion for preliminary injunction, that is: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now*, *Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."

---

[2] A copy of the Aircraft Security Agreement between Gordon and Commerce Bank is attached to the Complaint as *Exhibit B* ("Security Agreement").
[3] The Security Agreement defines "Collateral" to include the 2008 Diamond Aircraft and related documents, parts, accounts, rights, *etc*.

*Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). The moving party bears the burden of proof for each of these four factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

Commerce Bank has submitted the *Affidavit of John McKenna* (Docket No. 5), which, for purposes of this proceeding, establishes that Gordon is in default under the Note. While the Court intends to set up a further hearing to further flesh out certain issues relevant to the request for a preliminary injunction, the Court finds that on the record before it, for purposes of its request for temporary relief Commerce Bank has established a *strong* likelihood of success on the merits. The value of Collateral is currently less than the amount outstanding under the Note. Accordingly, I further find that Commerce Bank will suffer irreparable harm, that the equities are in its favor and that public policy favors the issuance of injunctive relief. Therefore, Commerce Bank's motion is granted to the extent that the Court will issue a temporary restraining order, as provided below.

## Security

This Court's rules of procedure provide in relevant part that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c). Therefore, Commerce Bank shall post a bond or cashier's check in the amount of $10,000 as security for the costs and damages, if any, sustained by Defendant if found to have been wrongfully enjoined or restrained.

## **Conclusion**

Plaintiff's Motion For Preliminary Injunction (Docket No. 3) is ***granted***, as follows:

1. The Defendant, his agents, servants and employees are hereby enjoined from disposing, selling, conveying or encumbering any of the Collateral;

2. Pursuant to the Security Agreement, Defendant is obligated to keep the Collateral, including the 2008 Diamond Aircraft, at KFDK, Frederick Municipal Airport, Frederick, MD, 21701 ("KFDK"). ***The 2008 Diamond Aircraft shall remain at this location at all times and Defendant shall not remove it therefrom***, unless granted permission to do so by the Plaintiff. If the Collateral is not at KFDK, Defendant shall notify the Plaintiff and the Court as to its whereabouts, and at the option of the Plaintiff, return it to KFDK;

3. The Defendant will continue to otherwise comply with his obligations under the Security Agreement, including his obligation to maintain and keep the Collateral in good condition and repair; and

4. Gordon, his agents, servants and employees, are hereby preliminarily enjoined from disposing, selling, conveying or encumbering any of his assets, including cash, out of the ordinary course (ordinary course does not include financings or refinancings), except by leave of Court and prior notice to Commerce Bank.

Commerce shall post a bond or cashier's check in the amount of $10,000 on or before Friday, April 11, 2014. The Court will hold a further hearing on Plaintiff's motion for a preliminary injunction on April 18, 2014 at 11:00 a.m. in Courtroom Two, United States District Court, 595 Main Street, Worcester, Massachusetts 01608. The parties should be prepared to present witnesses and/or documentary evidence relevant to all four preliminary injunction factors. Plaintiff shall forthwith serve a copy of this Order on Defendant.

**SO ORDERED.**

|  |  |
|---|---|
| **Wednesday, April 9, 2014 ___ p.m.** | */s/ Timothy S. Hillman*<br>TIMOTHY S. HILLMAN<br>DISTRICT JUDGE |